IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No.   15-cr-00149-JLK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.   RAUL CARAVEO,

      Defendant.

---

ORDER OF DETENTION

---

      THIS MATTER came before the Court for a detention hearing on April 28, 2015.

      The government is requesting detention in this case. Defense counsel stated that the defendant would not challenge the United States' request for detention and waived his right to a further hearing.   In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Services Report and entire court file, and have considered the arguments or statements of counsel.

      In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community.   18 U.S.C. § 3142(b).   The former element must be

established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

On April 1, 2009, the defendant pled guilty to five felony counts of Criminal Possession of a Forged Instrument Lesser Included Predicate Act of the Indictment, in Pueblo County District Court, Case Number 07CR399, and was sentenced to three (3) years Colorado Department of

Corrections as to each count, to be served consecutively. The defendant is currently incarcerated on those charges. The defendant's next parole hearing is on August 1, 2015. The defendant's estimated mandatory release date is November 14, 2020. The defendant appears in this case on a writ of *habeas corpus ad prosequendum*.

Weighing the factors set out in the Bail Reform Act, I find that given the circumstances of defendant's service of a lengthy sentence in the Bureau of Prisons, he cannot be released on bond in this matter.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED April 28, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge