IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  15-cr-00149-JLK

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. **RAUL CARAVEO**,
2. **PAMILA LUCERO,**

Defendants.

---

**UNOPPOSED JOINT MOTION FOR AN ENDS OF JUSTICE CONTINUANCE OF TRIAL PURSUANT TO 18 U.S.C. §3161(h)(7)(A) AND MOTION FOR A COMPLEX CASE DESIGNATION PURSUANT TO 18 U.S.C §3161(h)(8)(B)(ii)**

---

Comes now the Defendants, Raul Caraveo, by and through his attorney, Martin Stuart of PortmanStuart, LLC, and Pamila Lucero, by and through her attorney John Schlie, and move this Court for an order pursuant to 18 U.S.C. §3161(h)(7)(A) to add 120 days to their respective speedy trial calculations or a deadline of October 26, 2015. Mr. Caraveo and Ms. Lucero further request that the Court find the above referenced case is complex when analyzed pursuant to Title 18 U.S.C. §3161(h)(8)(B)(ii) due to due to the number of defendants and witnesses, the issues involved, and the amount of related material subject to pretrial disclosure or discovery.

Mr. Caraveo and Ms. Lucero states the following as grounds:

1. Mr. Caraveo was indicted on April 7, 2015, with 34 counts of filing false claims for refund and one conspiracy count pursuant to 18 U.S.C. §§286, 287 and 2(a).

1

Also indicted on April 7, 2015, Ms. Lucero was charged with 32 counts of filing false claims for refund and one conspiracy count pursuant to 18 U.S.C. §§286, 287 and 2(a).

2. Mr. Caraveo appeared on April 17, 2015, for an initial appearance (doc. 17) and also appeared on April 28, 2015, for a continued arraignment, discovery conference, and detention hearing at which time he entered not guilty pleas to all charged counts (docs. 67 and 70).[1] After the conclusion of the hearing the parties appeared in Judge Kane's chambers and were provided a June 22, 2015, jury trial date that had previously been scheduled for a co-defendant. (doc. 31). Ms. Lucero appeared on April 21, 2015, for an arraignment, discovery conference, and detention hearing at which time she entered not guilty pleas to all charged counts (docs. 34)

3. On April 29, 2015, undersigned counsel received a packet of discovery from the government that included nearly 12,000 documents, an disc that the government states contains approximately 3000 recorded phone calls[2], audio recording of roughly 50 interviews, and 47 grand jury exhibits. In addition, the letter accompanying the government's discovery packet indicates, "The entirely of each phone call we are relying on for the charged counts will be transcribed for use at trial. We are waiting on the last of these calls to be transcribed and will provide those transcripts once received. We will also provide transcript of recorded interviews once we receive those."

---

[1] Mr. Caraveo is currently serving a sentence in the Colorado Department of Corrections and therefore appeared on a writ. To the extent the Interstate Agreement on Detainers applies to Mr. Caraveo, he knowingly and voluntarily waives the requirement within that Agreement that trial be held within 120 days of the his arrival in the United States District Court for the District of Colorado." See 18 U.S.C.A. APP. 2, Art. IV(c).

[2] Undersigned counsel was unable to access the data on the original disc provided by the government. On May 6, 2015, defense counsel received a replacement disc he was able to access.

2

4.	The Speedy Trial Act requires a trial be commenced within 70 days after indictment or initial appearance, whichever is later. 18 U.S.C. § 136l(c)(l). Periods of delay are excluded from the 70-day period. The Act excludes time stemming from a continuance when the Court finds that the ends of justice outweigh the defendant's and public interest in a speedy trial, 18 U.S.C. § 136l(h)(7)(A), including time necessary for preparation and litigation of pretrial motions. <u>Bloate v. United States,</u> 559 U.S 196, 130 S.Ct. 1345, 1351-52 (2010).

10.	Factors that apply to an ends of justice finding include: (1) whether the case is so complex or unusual, due to the number of defendants, the nature of the prosecution, and the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established under the Speedy Trial Act; and (2) whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex but will deny reasonable time necessary for effective preparation, taking into account the exercise of due diligence under 18 U.S.C. § 316l(h)(B)(iv). <u>See</u> United States v. Larson, 627 F.3D 1198, 1203-04 (10th Cir.2010); <u>United States v. Toombs</u>, 574 F.3d 1262 (10th Cir. 2009).  In the present matter counsel believe it will take a significant amount of time to review and master the discovery to the extent that will be required (1) for a determination of what motions need to be filed, (2) to effectively conduct witness interviews and other investigation, (3) to be adequately prepared to potentially engage in plea negotiations and thereby provide reasoned and effective advise to Mr. Caraveo and Ms. Lucero, and (4) for adequate trial preparation.  Counsel believe that any period of time less than what is being requested would unreasonably deny counsel that ability

to effectively represent Mr. Caraveo and Ms. Lucero, respectively. Given the very recent receipt of voluminous discovery, counsel has had the opportunity to make only a very cursory review. After a more complete review counsel may request additional time be excluded from speedy trial calculations.

      11.   Mr. Caraveo and Ms. Lucero further assert that given the above noted issues the ends of justice will be served by the Court entering a complex case designation under 18 U.S.C. §3161(h)(8)(b)(ii).

**WHEREFORE**, Mr. Caraveo and Ms. Lucero respectfully request that this Honorable Court enter an order vacating the current June 22, 2015, jury trial and to add 120 days to their speedy trial calculations and declare the case complex.

Respectfully submitted,

Dated: May 8, 2015        By: s/Martin Stuart
      MARTIN STUART, *counsel for*
      *Mr. Caraveo*
      PortmanStuart, LLC
      955 Bannock Street, suite 200
      Denver, CO 80204
      Phone 303-355-6789
      Fax 303-623-0714

By: s/John Schlie
      JOHN SCLIE, *counsel for*
      *Ms. Lucero*
      7100 E. Belleview Ave.
      Suite G-11
      Greenwood Village, CO 80111
      Phone 303-830-1616
      FAX 303-333-4124

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Martha Paluch
Assistant United States Attorney
Matha.Paluch@usdoj.gov

Thomas Ward
Counsel for Eugene Chavez
tward@wardlawdenver.com

John Schlie
Counsel for Pamila Lucero
johnhenry@schlielawfirm.com

Robert Pepin
Counsel for Carolina Aragon
Robert_Pepin@fd.org

Marci Gilligan
Counsel for Sabrina Caraveo
gilligan@ridleylaw.com

John Mosby
Counsel for Christina Portillos
john_mosby@msn.com



/s/ Martin Stuart_____
Martin Stuart