**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**JUDGE RAYMOND P. MOORE**

Courtroom Deputy: Cathy Pearson
Court Reporter: Tammy Hoffschildt
Probation Officer: Nicole Peterson

Date: November 19, 2015
Interpreter: n/a

**CASE NO. 15-cr-00149-RM-1**

| Parties | Counsel |
|---|---|
| UNITED STATES OF AMERICA, | Martha Paluch |
| Plaintiff, | |
| v. | |
| 1. RAUL CARAVEO, | Martin Stuart |
| Defendant. | |

## COURTROOM MINUTES

**SENTENCING HEARING**
**COURT IN SESSION: 10:02 a.m.**
Appearances of counsel. Defendant is present and in custody.

Defendant entered his plea on August 28, 2015, to Count 1 of the Superseding Indictment. The Court formally accepts the Plea Agreement at this hearing.

Discussion held regarding pending motions and objections.

**ORDERED:** Government's Motion to Grant the Defendant an Additional One-Level Decrease Pursuant to U.S.S.G. § 3E1.1(b) [Doc. 266] is GRANTED as stated on the record.

Counsel for the Government addresses the Court regarding sentencing.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, and comments on matters relating to the appropriate sentence.

Defendant addresses the Court regarding sentencing.

Statement by the Court regarding Defendant's offense level, criminal history level and sentencing guidelines range.

Court states its findings and conclusions.

**ORDERED:** Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, RAUL CARAVEO, is hereby committed to the custody of the Bureau of Prisons to be **imprisoned** for a term of **70 months, to be served consecutively to the sentence imposed in the Pueblo County District Court case 07CR399.**

**ORDERED:** Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **three (3) years.**

**ORDERED:** **Mandatory Conditions** of Supervised Release that:

(**X**) Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which the defendant is released.

(**X**) Defendant shall not commit another federal, state or local crime.

(**X**) Defendant shall not illegally possess controlled substances.

(**X**) Defendant shall not possess a firearm, ammunition, or destructive device.

(**X**) Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.

(**X**) Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.

(**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

**ORDERED:** **Special Conditions** of Supervised Release that:

(**X**) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

(**X**) Defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse as directed by the probation officer until such time as defendant is released from the program by the probation officer. Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment. Defendant will be required to pay the cost of treatment as directed by the probation officer.

(**X**) Defendant shall comply with the terms and conditions for payment of the special assessment, restitution or fine imposed by this judgment.

(**X**) Defendant shall pay any **special assessment, restitution, fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

(**X**) Defendant shall participate in and successfully complete a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Defendant will be required to pay the cost of treatment as directed by the probation officer.

(**X**) Defendant shall remain medication compliant and shall take all medications that are prescribed by his treating psychiatrist. Defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.

**ORDERED:** Defendant shall pay **$100** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:** **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:** Defendant shall make **restitution** as follows: $370,384.28 to IRS RACS, Attn: Mail Stop 6251, Restitution, 333 West Pershing Avenue, Kansas City, MO 64108. This restitution is joint and several with the co-defendants in this case. Interest with respect to restitution is waived. Payment of restitution is stated on the record.

The Court finds, pursuant to 18 U.S.C. § 3663A(c)(3)(B), that determining complex issues of fact related to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

A separate written order will issue granting the Government's Motion to Dismiss Counts with Prejudice (Doc. 265). Counts 2, 3, 5 through 10, and 12 through 39 of the Superseding Indictment will be dismissed with prejudice.

Defendant advised of right to appeal.

**ORDERED:** Any notice of appeal must be filed within 14 days.

**ORDERED:** Defendant is REMANDED to the custody of the U.S. Marshal.

**Court in recess: 10:54 a.m.**
Hearing concluded.
Total time: 00:52