IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Criminal Action No. 15-cr-00149-RM

UNITED STATES OF AMERICA,

    Plaintiff

v.

1. RAUL CARAVEO,

    Defendant.

---

### ORDER DISMISSING MOTION FOR COMPASSIONATE RELEASE

---

This matter is before the Court on a handwritten letter/motion (ECF No. 600) requesting compassionate release of defendant ("Caraveo"), which the Court construes as a request pursuant to 18 U.S.C. § 3582(c)(1)(A)[1].  Although not specifically stated as such in the *pro se* motion, Caraveo puts forward the need to care for his parents and the general risks of COVID-19 as the "extraordinary and compelling reasons" which warrant a sentence reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  The Court has considered the motion as well as the government's Response in Opposition (ECF No. 603).  For the reasons stated, the motion is dismissed.

Title 18, United States Code, Section 3582(c) now permits defendants themselves to file motions for compassionate release directly with the district courts.  However, there are preconditions or requirements which must be met – or at a bare minimum addressed – before a

---

[1] On its face, the motion purports to be seeking relief "under the CARES ACT."  (ECF No. 600 at 1.)  And the relief requested is essentially that Caraveo's remaining term of imprisonment be served as home confinement.  *Id.* at 2.)  However, the case law briefly mentioned deals with compassionate release as expanded by the First Step Act. To the extent Caraveo truly seeks relief under the CARES Act, that Act (§ 12003(b)(2)) gives authority to the Bureau of Prisons Director to expand the use of home confinement.  Caraveo fails to demonstrate how the Court has jurisdiction over his request under the CARES Act.  Interpreting Caraveo's motion liberally, the Court construes it as seeking compassionate release under the expanded authority of the First Step Act.

court may act upon such a direct filed[2] request.   With respect to motions filed by defendants, such motions may be filed only:

> … after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier….

18 U.S.C. § 3582(c)(1)(A).

Caraveo's motion is utterly silent as to the stated exhaustion requirement.  By failing to proceed in accordance with the terms of the very statute he relies upon, or even address the exhaustion requirement, Carver deprives the Court of any ability to impose relief pursuant to such statute.  *United States v. Raia*, 2020 WL 1647922 (3d. Cir. April 2, 2020).   In light of this, the Court does not reach the merits of the motion in this case.

ACCORDINGLY,

The Motion (ECF No. 600) is DISMISSED.

DATED this 27th day of April, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

2 The Court uses this terminology to distinguish a motion filed by a defendant from one filed by the Director of the Bureau of Prisons.